**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
SECURITIES INVESTOR PROTECTION :
CORPORATION, :
                Plaintiff, :
                 :
       – against – :
                 : Adv. Pro. No. 08-01789 (SMB)
BERNARD L. MADOFF INVESTMENT : SIPA LIQUIDATION
SECURITIES LLC, : (Substantively Consolidated)
                Defendant. :
---------------------------------------------------------------X
In re: :
                 : Case No. 09-11893 (SMB)
BERNARD L. MADOFF, :
                 :
                Debtor. :
---------------------------------------------------------------X
IRVING H. PICARD, Trustee for the Liquidation :
of Bernard L. Madoff Investment Securities LLC, :
                 :
                Plaintiff, : Adv. Pro. No. 14-01840 (SMB)
                 :
CAPITAL GROWTH COMPANY; DECISIONS, :
INC.; FAVORITE FUNDS; JA PRIMARY :
LIMITED PARTNERSHIP; JA SPECIAL :
LIMITED PARTNERSHIP; JAB PARTNERSHIP; :
JEMW PARTNERSHIP; JF PARTNERSHIP; JFM :
INVESTMENT COMPANIES; JLN :
PARTNERSHIP; JMP LIMITED PARTNERSHIP; :
JEFFRY M. PICOWER SPECIAL COMPANY; :
JEFFRY M. PICOWER, P.C.; THE PICOWER :
FOUNDATION; THE PICOWER INSTITUTE OF :
MEDICAL RESEARCH; THE TRUST F/B/O :
GABRIELLE H. PICOWER; BARBARA :
PICOWER, individually and as Executor of the :
Estate of Jeffry M. Picower, and as Trustee for the :
Picower Foundation and for the Trust f/b/o Gabriel :
H. Picower, :
                 :
                Intervenors, :
                 :
       – against – :
                 :
SUSANNE STONE MARSHALL; ADELE FOX; :

```
MARSHA PESHKIN; RUSSELL OASIS; A & G    :
GOLDMAN PARTNERSHIP; and PAMELA         :
GOLDMAN                                 :
                                        :
              Defendants.               :
-----------------------------------------X
```

**MEMORANDUM DECISION REGARDING DEFENDANTS'
MOTION FOR DISCOVERY FROM THE TRUSTEE, APRIL
FRIELICH, BARBARA PICOWER, AND BERNARD MADOFF**

**A P P E A R A N C E S :**

BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111

> David J. Sheehan, Esq.
> Deborah H. Renner, Esq.
> Tracy L. Cole, Esq.
> Keith R. Murphy, Esq.
> Amy Vanderwal, Esq.
> Ferve Ozturk, Esq.
>    Of Counsel

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation of
Bernard L. Madoff Investment Securities LLC
and the Estate of Bernard L. Madoff*

BECKER & POLIAKOFF LLP
45 Broadway, 8th Floor
New York, New York 10006

> Helen Davis Chaitman, Esq.
> Lance Gotthoffer, Esq.
> Peter W. Smith, Esq.
> Julie Gorchkova, Esq.
>    Of Counsel

*Attorneys for Susanne Stone Marshall, Adele Fox,
Marsha Peskin, and Russell Oasis*

SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York 10022

    William D. Zabel, Esq.
    Marcy Ressler Harris, Esq.
    Michael Kwon, Esq.
    Jennifer M. Opheim, Esq.
        Of Counsel

*Attorneys for Intervenors the Picower Parties*

**STUART M. BERNSTEIN**
**United States Bankruptcy Judge:**

       The defendants (the "Fox Parties"), former customers of Bernard L. Madoff Investment Securities LLC ("BLMIS"), request discovery pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rule 2004") and Rules 26, 27, and 30(a)(2)(B) of the Federal Rules of Civil Procedure from (i) Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of BLMIS under the Securities Investor Protection Act and Bernard L. Madoff, (ii) April Frielich, (iii) Barbara Picower, and (iv) Bernard L. Madoff in order to prosecute a lawsuit in a Florida federal court against the "Picower Parties."[1] The request is opposed by the Trustee and the Picower Parties.

       For the reasons that follow, the motion is denied except to the extent that the Fox Parties may withdraw their request for discovery under Federal Civil Rule 27(a) without prejudice.

---

[1] The Picower Parties include, Capital Growth Company; Decisions, Inc.; Favorite Funds; JA Primary Limited Partnership; JA Special Limited Partnership; JAB Partnership; JEMW Partnership; JF Partnership; JFM Investment Companies; JLN Partnership; JMP Limited Partnership; Jeffry M. Picower Special Company; Jeffry M. Picower, P.C.; The Picower Foundation; The Picower Institute of Medical Research; The Trust f/b/o Gabrielle H. Picower; and Barbara Picower, individually and as Executor of the Estate of Jeffry M. Picower, and as Trustee for the Picower Foundation and for the Trust f/b/o Gabriel H. Picower.

## BACKGROUND

The background to this adversary proceeding is described in detail in this Court's June 23, 2014 decision, *Picard v. Marshall* (*In re BLMIS*), 511 B.R. 375 (Bankr. S.D.N.Y. 2014) (the "*Injunction Decision*"). The Court assumes familiarity with the *Injunction Decision* and limits the discussion to the facts germane to this discovery dispute.

The Fox Parties invested with BLMIS, and the current dispute relates to the ongoing efforts by some or all of the Fox Parties to sue the Picower Parties for the damages they allege they suffered as a result of investing with BLMIS. The Trustee had sued the Picower Parties in May 2009 to avoid and recover $7.2 billion in fictitious profits. *Injunction Decision*, 511 B.R. at 379-80. The parties ultimately settled for $5 billion.[2] *Id*. at 380. The settlement included an injunction (the "Permanent Injunction") enjoining customers, creditors and anyone else from suing the Picower Parties based on claims that arose from or related to "BLMIS or the Madoff Ponzi scheme" and were "duplicative or derivative of the claims brought by the Trustee, or which could have been brought by the Trustee against the Picower BLMIS Accounts or the Picower [Parties]." *Id*. The Bankruptcy Court approved the settlement, including the Permanent Injunction, over the objections of Fox and Marshall, and its order was affirmed by the District Court and Second Circuit Court of Appeals. *See Picard v. Fox* (*In re BLMIS*), 429 B.R. 423 (Bankr. S.D.N.Y. 2010), *aff'd sub nom Fox v. Picard* (*In re BLMIS*), 848 F. Supp. 2d 469 (S.D.N.Y. 2012), *aff'd sub nom Marshall v. Picard* (*In re BLMIS*), 740 F.3d 81 (2d Cir. 2014).

---

[2] The settlement also provided that the Picower Parties would pay $2.2 billion to the Government on account of civil forfeiture liability under 18 U.S.C. § 981(a)(1)(C). *Injunction Decision*, 511 B.R. at 380. All together, the Picower Parties paid $7.2 billion in settlement to the Trustee and the Government representing 100% of the withdrawals the Trustee sought to avoid.

4

Intent on suing the Picower Parties notwithstanding the Permanent Injunction, the Fox Parties sought leave, on February 5, 2014, to file a second amended complaint in their action against the Picower Parties pending in the United States District Court for the Southern District of Florida (the "Florida Action"). The proposed amended complaint purported to assert claims under the federal securities laws, federal and Florida RICO laws, and Florida common law. *Injunction Decision*, 511 B.R. at 383.

The Fox Parties' motion for leave to amend in the Florida Action prompted the Trustee to seek enforcement of the Permanent Injunction against the Fox Parties in this Court, *id.* at 386, and the Picower Parties intervened seeking the same relief. The Court granted the motion, ruling that the Fox Parties' new claims were barred by the Permanent Injunction. Although relabeled as direct claims sounding in violations of the federal securities laws, federal and state RICO laws and Florida common law, the new claims were based on the secondary effects of the Picower Parties' fraudulent withdrawals from BLMIS. The proposed amended complaint did not include any particularized allegations that the Picower Parties participated in the preparation or dissemination of any false financial information to the customers. *Id.* at 394-95. The Fox Parties have appealed from the ensuing order. (*See* ECF Doc. # 62.)[3]

Following issuance of the *Injunction Decision*, the Fox Parties concluded that they needed discovery to frame a non-derivative claim. After an unsuccessful effort to obtain the relief through a letter to the Court, the Fox Parties filed their *Motion for an Order: (i) Authorizing Discovery From the Trustee, April Frielich, Barbara Picower, and Bernard Madoff Pursuant to FRBP 2004, and Authorizing the Deposition of Madoff to Preserve Testimony*

---

[3] "ECF Doc. # __" refers to documents filed in this adversary proceeding.

*Pursuant to FRCP 27; (ii) Authorizing the Deposition of Madoff Pursuant to FRCP 30(a)(2)(B); and (iii) Directing the Sequence of Discovery Pursuant to FRCP 26*, dated July 18, 2014 (the "Motion") (ECF Doc. # 64). They assert that Rule 2004 authorizes the deposition and/or production of documents from the Trustee, Madoff, Friehlich and Picower. Alternatively, they contend that Federal Civil Rule 27 allows the Fox Parties to take Madoff's deposition to preserve his testimony.[4] The Trustee opposes the Motion, (*Brief in Opposition to Fox Plaintiffs' Motion for Discovery*, dated August, 8, 2014 (ECF Doc. # 69)), and the Picower Parties do too. (*See Intervenors' Opposition to the Fox Plaintiffs' Motion for Discovery*, dated August 8, 2014 (ECF Doc. # 71).)

## DISCUSSION

**A.      Rule 2004**

Rule 2004(b) states:

> The examination of an entity under this rule . . . *may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor*, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to discharge . . . .

FED. R. BANKR. P. 2004(b) (emphasis added). The scope of Rule 2004 discovery is "very broad" and can encompass broader discovery than is available under the Federal Rules of Civil Procedure. *In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004) (citing *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991)); *see also In re Duratech Indus., Inc.*, 241 B.R. 283, 289 (E.D.N.Y. 1999). The underlying purpose of Rule 2004 is to "allow the court to gain a clear picture of the condition and whereabouts of the bankrupt's estate." *Keene Corp. v. Johns-Manville Corp.* (*In re Johns-Manville Corp.*), 42 B.R.

---

[4] The other Federal Civil Rules cited by the Fox Parties relate to their request to perpetuate Madoff's testimony pursuant to Federal Civil Rule 27.

6

362, 364 (S.D.N.Y. 1984) (citing *Cameron v. United States*, 231 U.S. 710, 717 (1914)). The party seeking Rule 2004 discovery has the burden to show good cause for the examination it seeks, *In re Express One Int'l., Inc.*, 217 B.R. 215, 217 (Bankr. E.D. Tex. 1998) (citing *In re Eagle-Picher Indus., Inc.*, 169 B.R. 130, 134 (Bankr. S.D. Ohio 1994)), and relief lies within the sound discretion of the Bankruptcy Court. *In re Bd. of Dirs. of Hopewell Int'l Ins. Ltd.*, 258 B.R. 580, 587 (Bankr. S.D.N.Y. 2001).

Initially, the Fox Parties contend that the doctrine of judicial estoppel prevents the Trustee from denying the requested discovery under Rule 2004 because he previously argued successfully that the Bankruptcy Court is the proper venue for the enforcement of the Permanent Injunction. (*Motion* at ¶ 11.) Judicial estoppel is an equitable doctrine that "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *Zedner v. United States*, 547 U.S. 489, 504 (2006) (internal citations and quotation marks omitted). The Supreme Court has outlined several factors to consider when determining whether judicial estoppel should apply:

> First, a party's later position must be clearly inconsistent with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position. . . . A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*Id.* (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001)). "Because the rule is intended to prevent improper use of judicial machinery, judicial estoppel is an equitable doctrine invoked by a court at its discretion." *New Hampshire v. Maine*, 532 U.S. at 750 (internal quotation marks and citations omitted).

The Fox Parties' judicial estoppel argument is hard to fathom. The Trustee previously argued that the Bankruptcy Court had jurisdiction to enforce the Permanent Injunction because it had issued the Permanent Injunction. He now maintains that the Fox Parties have failed to show good cause for the Rule 2004 discovery they seek. One has nothing to do with the other, the positions are not inconsistent and the judicial estoppel argument lacks merit.

As to the merits, the Fox Parties' attempted use of Rule 2004 is improper. Despite its broad scope, Rule 2004 has limits. An examination "as to matters having no relationship to the bankrupt's affairs or the administration of the estate" is improper under Rule 2004. *Johns-Manville*, 42 B.R. at 364 (citing 12 COLLIER ON BANKRUPTCY ¶ 205.15, at 2-92 – 2-94 (14th ed. 1978)). Accordingly, Rule 2004 "should not be used to obtain information for use in an unrelated case or proceeding pending before another tribunal." *In re Coffee Cupboard, Inc.*, 128 B.R. 509, 516 (Bankr. E.D.N.Y. 1991); *see also Synder v. Soc'y Bank*, 181 B.R. 40, 42 (S.D.Tex. 1994) ("The use of Rule 2004 to further its case in state court constitutes an abuse of Rule 2004.").

The Fox Parties admit that they are seeking discovery "to amplify the factual allegations [in the Florida Action] against the [Picower Parties] to show that those claims are non-derivative." (*Motion* at ¶ 19.) Although the discovery they request implicates the acts and conduct of Madoff, who is a debtor, the Fox Parties are not seeking the discovery for use in the Madoff or BLMIS cases, and the discovery has no bearing on the property, liabilities or financial

8

condition of either estate and will not affect the administration of either estate.[5] In short, the Fox Parties have failed to show cause, and their application is denied.[6]

**B.    Federal Civil Rule 27**

As an alternative to Rule 2004, the Fox Parties seek to take Madoff's deposition to perpetuate his testimony under Federal Civil Rule 27(a) and (b), made applicable by Rule 7027 of the Federal Rules of Bankruptcy Procedure.[7] During oral argument, the Court questioned its

---

[5]    The Court and other courts in this Circuit have been drawn into this dispute and expended considerable time dealing with it because the Permanent Injunction prohibits the Fox Parties from alleging derivative claims. Nevertheless, the Fox Parties' ability to plead around the Permanent Injunction and end this Court's involvement is no reason to allow the Fox Parties the use of Rule 2004 for the sole purpose of improving the prospects of the action against the Picower Parties.

[6]    The cases cited by the Fox Parties do not provide any support. They involved requests under Rule 2004 (or its predecessor Rule 205) to conduct examinations concerning claims belonging to the estate, *see Recoton Corp.*, 307 B.R. at 756 (allowing the Committee to proceed under Rule 2004 "to obtain information necessary to determine whether claims beneficial to the estates exist and whether to pursue such claims."); *In re Table Talk, Inc*, 51 B.R. 143, 145-46 (Bankr. Mass. 1985) (allowing Rule 2004 examination sought by the trustee where one purpose was to examine into potential anti-trust claims), *In re Mittco, Inc.*, 44 B.R. 35, 36-37 (Bankr. E.D. Wis. 1984) (permitting creditor to conduct Rule 2004 discovery of debtor's accountant to inquire into the possibility of obtaining assets for the benefit of the estate); *cf. In re CIS Corp.*, 123 B.R. 488, 490-91 (S.D.N.Y. 1991) (acknowledging that Rule 2004 may be used to examine the debtor's auditors regarding potential estate claims but concluding that the trustee had failed to demonstrate the relevancy of the auditor's internal auditing manuals to those potential claims), claims against the estate, *Drexel Burnham*, 123 B.R. at 712 (permitting FDIC/RTC to obtain discovery under Rule 2004 based on the possible connection to their claims against the estate), or property of the estate. *In re Larkham*, 24 B.R. 70, 71-72 (Bankr. Vt. 1982) (permitting examination of debtors by secured creditors pursuant to former Bankruptcy Rule 205 where debtor listed claims against banks in its schedules and refused to answer questions regarding the claims at the meeting of creditors). The Fox Parties are not seeking Rule 2004 discovery to identify claims by or against the BLMIS or Madoff estates or to identify property of the estate.

The Fox Parties also cited *In re Federated Dep't Stores, Inc.*, 114 B.R. 501 (Bankr. S.D. Ohio 1990), which concerned a retention application, not a Rule 2004 examination, and *In re Johns-Manville*, 42 B.R. 362 (S.D.N.Y. 1984), in which the District Court reversed the Bankruptcy Court's Rule 2004 order directing a non-debtor to provide certain information to the debtor as the *quid pro quo* for acquiring similar information from the debtor, ruling that "the facilitation of negotiations was not a proper ground on which to order the non-voluntary production of documents not otherwise discoverable under Rule 2004." *Id.* at 365. Neither decision is relevant to the issues raised by the Fox Parties' application for Rule 2004 discovery.

[7]    Federal Civil Rule 27 provides in pertinent part:

(a) BEFORE AN ACTION IS FILED.

(1) *Petition.* A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides. . . . The petition . . . must show:

 (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;

9

jurisdiction to grant a motion to perpetuate testimony for use in a proceeding over which it lacked subject matter jurisdiction. In response, the Fox Parties wrote to the Court withdrawing their Federal Civil Rule 27 discovery request so that it could be refiled in the appropriate District Court. (*See Letter*, dated October 7, 2014 (ECF Doc. # 80).) The Trustee opposed the request on three grounds: (1) the Fox Parties could not seek relief by letter and had to proceed by formal motion, (2) the Trustee had incurred costs and fees opposing the Motion, and the Fox Parties should not be allowed to withdraw the request for fear of losing or to gain a strategic advantage and (3) the Court has jurisdiction to grant the request. The Trustee also reiterated his position that the Fox Parties had failed to comply with Federal Civil Rule 27. (S*ee Letter*, dated October 9, 2014 (ECF Doc. # 81).) The Picower Parties joined in the Trustee's objection, and demanded that the Fox Parties reimburse the Picower Parties for their costs in opposing the Rule 27 request as the price of withdrawal. (*Letter*, dated October 10, 2014 (ECF Doc. # 82).)

---

(B) the subject matter of the expected action and the petitioner's interest;

(C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;

(D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and

(E) the name, address, and expected substance of the testimony of each deponent.

. . .

(b) PENDING APPEAL.

(1) *In General.* The court where a judgment has been rendered may, if an appeal has been taken or may still be taken, permit a party to depose witnesses to perpetuate their testimony for use in the event of further proceedings in that court.

(2) *Motion.* The party who wants to perpetuate testimony may move for leave to take the depositions, on the same notice and service as if the action were pending in the district court. The motion must show:

(A) the name, address, and expected substance of the testimony of each deponent; and

(B) the reasons for perpetuating the testimony.

1. **Federal Civil Rule 27(a)**

The Court will permit the Fox Parties to withdraw their request for discovery under Federal Civil Rule 27(a) without prejudice because they made it in the wrong court. Rule 27(a) authorizes a litigant to file a petition to perpetuate testimony in a District Court where any expected adverse party resides regarding "any matter cognizable in a United States court." While Federal Bankruptcy Rule 7027 extends Federal Civil Rule 27 to adversary proceedings, the contemplated adversary proceeding must lie within the bankruptcy jurisdiction of the court that will preside over the anticipated lawsuit. As the leading bankruptcy treatise explains:

> As translated into bankruptcy terms, the requirement that the action for which the testimony is sought to be perpetuated must be "cognizable in any court of the United States" and that the petitioner "expects to be a party" means that the *contemplated adversary proceeding must be cognizable by the court exercising bankruptcy jurisdiction*, be it the district court or the bankruptcy court. Thus, while the petition itself does not require any independent grounds of federal or bankruptcy jurisdiction to support it, *there must be a showing and determination by the court that the anticipated adversary proceeding is within the bankruptcy jurisdiction of the court where it is to be brought*.

10 ALAN N. RESNICK & HENRY J. SOMMER, COLLIER ON BANKRUPTCY § 7027.02, at 7027-3 (16th ed. 2014) (emphasis added).

This Court lacks subject matter jurisdiction under 28 U.S.C. § 1334(b) over a lawsuit between the Fox Parties and the Picower Parties. The litigation concerns a third-party dispute whose outcome would have no conceivable effect on either the BLMIS or the Madoff estates; this Court's only involvement arises from the Trustee's efforts to enforce the Permanent Injunction which applies to all customers and creditors. For the same reason, the Florida District Court where the Fox Parties propose to file their amended complaint would also lack bankruptcy jurisdiction. Furthermore, neither Fox nor Marshall have invoked bankruptcy jurisdiction in the Florida Action. Their prior Florida complaints based subject matter jurisdiction on 28 U.S.C. §§

11

1332(d) and 1337, various other non-bankruptcy federal statutes and principles of supplemental jurisdiction.  (*See Declaration of Keith R. Murphy in Support of Trustee's Application for Enforcement of Permanent Injunction and Automatic Stay*, dated Mar. 10, 2012, Ex. B at ¶¶ 3-4; Ex. C at ¶ 16; Ex. E at ¶ 10; Ex. F at ¶ 10 (ECF Doc. # 4).)  Finally, *In re Residential Capital, LLC*, 480 B.R. 529 (Bankr. S.D.N.Y. 2012), cited by the Trustee in his October 9 letter, does not support this Court's authority.  The issues in that case were whether the automatic stay barred discovery from the debtors in a third-party action, and if it did not, whether the Court should extend the automatic stay pursuant to 11 U.S.C. § 105(a) to accomplish that end.  The decision did not address the Bankruptcy Court's power under Federal Civil Rule 27(a) to permit the discovery of a debtor in a third-party action over which it lacked jurisdiction.

Since the Court lacks subject matter jurisdiction over the underlying litigation, it lacks the authority to grant a motion to perpetuate testimony for use in that lawsuit.  As the Fox Parties recognized in their letter to the Court, the proper procedure is to refile the motion in an appropriate District Court.  Even if the Court declined to permit the Fox Parties to withdraw the Federal Civil Rule 27(a) request and denied the motion for the reasons stated, the denial would be without prejudice to refiling in the appropriate court.  This is precisely what the voluntary withdrawal accomplishes.  For this reason, the Picower Parties' demand for costs and fees is denied.

### 2. Federal Civil Rule 27(b)

The Fox Parties' request for the same relief under Federal Civil Rule 27(b) requires only brief comment.  Federal Civil Rule 27(b) authorizes the Court in which a judgment has been rendered to permit a party to perpetuate testimony if an appeal has or may be taken and the testimony would be used "in the event of further proceedings in *that* court."  FED. R. CIV. P.

12

27(b)(1) (emphasis added). The Fox Parties have appealed from the *Injunction Decision*, and this Court is the appropriate place to seek to perpetuate Madoff's testimony under Federal Civil Rule 27(b) provided it is or may be needed in the event of further proceedings in *this* Court. Therein lies the rub. The enforcement motion that resulted in the *Injunction Decision* raised purely legal issues requiring the Court to match the allegations in the Fox Parties' amended complaint against the language in the Permanent Injunction. The Court did not receive any testimony, and in the event of a remand and further proceedings, it is not likely that it will receive any testimony. Consequently, Madoff's testimony will not be required, it need not be perpetuated, and the application for discovery under Federal Civil Rule 27(b) is denied.

    Settle order on notice.

Dated: New York, New York
        October 30, 2014

                              /s/ *Stuart M. Bernstein*
                              STUART M. BERNSTEIN
                              United States Bankruptcy Judge